Joseph R. Peters v. Commissioner.
Peters v. Commissioner
Docket No. 518.
United States Tax Court
1944 Tax Ct. Memo LEXIS 231; 3 T.C.M. (CCH) 502; T.C.M. (RIA) 44180; May 29, 1944
*231 John S. Brookes, Jr., Esq., 900 Edmonds Bldg., Washington, D.C., for the petitioner. Edward M. Woolf, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: Assailing a determination of deficiency of $842.94 in 1940 income tax, the taxpayer claims (1) a deduction of $2,200 as a bad debt; (2) a deduction of $550 as taxes paid, and (3) a personal exemption of $2,000 as head of a family. At the time of trial, the taxpayer moved to amend his petition to raise a new issue as to his right to deduct amounts alleged to have been paid in the tax year as club dues; but upon objection that the respondent had had no opportunity to investigate such facts and was therefore unprepared to try such issue, the motion was denied, and the issue is not here. The taxpayer during 1940 lived in Chicago, where his individual income tax return for that year was filed. 1. On his return, he took a deduction for $2,200 on line 17 as a bad debt, and in schedule H, as an explanation, he stated "Loan C. C. Ingraham $2,200, - deceased 1940, estate insolvent." The Commissioner disallowed the deduction for lack of sufficient proof to substantiate it. The proof now shows, and it is found as fact, *232 that in 1932 the taxpayer at a cost of $1,500 acquired 50 shares of the Merchantville National Bank and Trust Company, of Merchantville, New Jersey, and in the same year he loaned the shares to Ingraham for the purpose of enabling him to obtain a loan upon Ingraham's promise that he would return the shares "right away." Ingraham pledged the share certificate as collateral for a loan of $900 from one Frazier and never returned it. It is still on the corporation's books in taxpayer's name. Later, in 1936 and 1937, the taxpayer at different times made various cash loans to Ingraham, aggregating $700, which amount has never been repaid, despite requests on several occasions before Ingraham went to Arizona either late in 1936 or in 1937. Taxpayer never thereafter knew or learned anything about Ingraham or his financial condition, except that in 1938 "I don't expect it was very good, due to certain knowledge I had about various things." Ingraham died in 1939, and the taxpayer did not know his financial condition at the date of his death; but he was informed in the early part of 1940 that Ingraham had left no estate whatever. Since the taxpayer's claim for deduction rests on Section 23 *233 (k), Internal Revenue Code, he can only support it by proof that the debt is one that became worthless in the taxable year 1940. The evidence not only fails to show that any part of the debt became worthless in 1940 but on the contrary, shows affirmatively that it became worthless prior to the taxable year. Furthermore, there is some doubt as to the proper characterization of the $1,500 as a debt, since it appears that as to the certificate of stock it was "loaned" to Ingraham in kind and Ingraham promised to return the very certificate; meanwhile it still apparently remains petitioner's property. But that need not be considered further, since there is not enough foundation for a deduction in 1940 in any statutory classification. See ; , affirmed . The Commissioner's disallowance of the deduction of $2,200 is sustained. 2. On the return, the taxpayer took a deduction on line 15 of $550 as taxes, and in the explanation of schedule H he merely repeated the statement. The Commissioner *234 disallowed the deduction for lack of substantiation. Petitioner was a member of ten clubs located in various places and paid dues taxes aggregating $101. Although this was shown by oral testimony unsupported by any verifying records, we are not disposed to doubt it; and therefore find the facts to be as stated. The payment of $101 taxes in 1940 supports the deduction and to that extent the disallowance of the Commissioner's determination is reversed. The remaining $449 of the deduction claimed is for taxes estimated by the petitioner in gross as the amount paid by him in the taxable year as taxes on "theatres and night clubs and various entertainments." This estimate is not substantiated in the evidence, and is not, in our opinion, sufficient to support a finding of fact that any part of the $449 was taxes paid in the year. The Commissioner's disallowance of the deduction of this amount is sustained. 3. On the return the taxpayer took a credit of $2,000, personal exemption as head of family. The Commissioner disallowed the credit and substituted a personal exemption of $800, which is, under the statute, applicable to a married man not living with his wife. The facts are that the *235 taxpayer is married and not living with his wife. There was no separation agreement. Under a New York State court order of 1937 or 1938, the taxpayer was contributing $150 a month or $1,800 a year to his wife's support. Upon the basis of the evidence, it cannot be found as a fact that the taxpayer was the head of a family, and the Commissioner therefore correctly determined that he was not entitled to the exemption of $2,000. The determination on this point is sustained. Since the petitioner is held to be entitled to the deduction of the $101 found to have been taxes paid in the year 1940. Decision will be entered under Rule 50.